```
                    F I L E D
              CLERK, U.S. DISTRICT COURT
                    12/12/2023
              CENTRAL DISTRICT OF CALIFORNIA
              BY:_____TV_____DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 2:23-cr-00617-PA |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 371: Conspiracy to Enter an Airport Area in Violation of Security Requirements and to Defraud the United States; 49 U.S.C. §§ 46314(a), (b)(2): Entering an Airport Area in Violation of Security Requirements; 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| MILES LEE WARREN and LE'DANIEL PIERRE JACKSON, | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

[ALL DEFENDANTS]

A.  GENERAL ALLEGATIONS

At times relevant to this Indictment:

1.  Operations and security at the Los Angeles International Airport ("LAX") were regulated by Title 49 of the Code of Federal Regulations.

2. The Transportation Security Administration ("TSA") provided civil aviation security throughout the United States and maintained security screening checkpoints in commercial airports, including LAX.

3. The Air Operations Area ("AOA") was an area of LAX accessible to employees but not to passengers who had completed security screening through a TSA checkpoint.

4. The LAX AOA was a secure and sterile area as those terms are defined in Title 49, Code of Federal Regulations, Section 1540.5.

5. Title 49, Code of Federal Regulations, Section 1540.105(a)(2) prohibited any person from entering, or being present within, a secured or sterile area without complying with the systems, measures or procedures applied to control access to, presence, or movement in those areas.

6. Title 49, Code of Federal Regulations, Section 1540.107(a) prohibited any person's property from entering or boarding any aircraft without such property first being submitted to screening and inspection in accordance with the procedures applied to control access to that area or aircraft.

7. Defendant MILES WARREN was a baggage handler employed by American Airlines.

8. As such, defendant WARREN was issued a security badge by LAX which permitted him access to LAX's AOA and almost all secure and sterile areas of LAX, without undergoing security screening or inspection.

B.  OBJECTS OF THE CONSPIRACY

On a date unknown to the Grand Jury and continuing to on or about May 5, 2019, in Los Angeles County, within the Central District of California, and elsewhere, defendants WARREN and LE'DANIEL JACKSON

2

and others known and unknown to the Grand Jury, knowingly conspired and agreed with each other to:

1. Enter an airport area that serviced an air carrier, in violation of security requirements prescribed by Title 49, Code of Federal Regulations, Section 44901(a), that is, the requirement that all individuals must submit their person and accessible property to screening and inspection, with the intent to commit, in the airport or aircraft area, a felony under the laws of the United States, namely, distribution of a controlled substance, in violation of Title 49, Code of Federal Regulations, Sections 46314(a) and (b)(2); and

2. Defraud the United States through deceit, craft, trickery, and dishonest means for the purposes of attempting to defeat and obstruct the lawful functions of the TSA in providing civil aviation security.

C. MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished, in substance, as follows:

1. Defendants WARREN and JACKSON would agree to distribute marijuana in St. Louis, Missouri.

2. Defendant WARREN would purchase marijuana in bulk from a supplier in or near Los Angeles County.

3. Defendant WARREN would pack a bag with marijuana and drive the bag to the American Airlines employee parking lot at the Los Angeles International Airport.

4. Defendant WARREN would use his LAX security badge to carry the bag containing marijuana from his car in the American Airlines employee parking lot at LAX to the AOA.

5.   Defendant WARREN and unknown co-conspirators would cause a manual baggage tag to be created and attached to the bag containing marijuana in the AOA.

6.   Defendant WARREN and unknown co-conspirators would provide the tagged bag containing marijuana to an American Airlines employee in the AOA to load onto an American Airlines plane bound for the St. Louis Lambert International Airport ("STL").

7.   Defendant WARREN would pay unknown co-conspirators in exchange for their assistance in getting the bag of marijuana tagged and placed on an American Airlines flight bound for STL.

8.   Defendants WARREN and JACKSON coordinated through phone calls and text messages to determine on what day and at what time defendant JACKSON should arrive at the baggage claim area at STL to pick up the bag containing marijuana.

9.   Defendant JACKSON would go to STL to pick up the bag containing marijuana from the baggage claim area.

10.  Defendant JACKSON would further distribute the marijuana in St. Louis, Missouri, and send the sale proceeds to defendant WARREN.

11.  Defendant WARREN would use the marijuana sale proceeds received from defendant JACKSON to purchase additional marijuana to smuggle onto American Airlines planes bound for STL without screening or inspection.

D.   <u>OVERT ACTS</u>

In furtherance of the conspiracy, and to accomplish its objects, on or about the following dates, defendants WARREN and JACKSON and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act 1: On May 5, 2019, defendant WARREN, while in possession of baggage containing marijuana, used his security badge to enter the LAX AOA via the American Airlines employee parking lot and did not pass through a TSA security screening checkpoint.

Overt Act 2: On May 5, 2019, defendant WARREN and other unknown co-conspirators caused defendant WARREN's baggage containing marijuana to receive a manual baggage tag.

Overt Act 3: On May 5, 2019, defendant WARREN and other unknown co-conspirators caused defendant WARREN's baggage containing marijuana to be loaded onto American Airlines flight 803, bound for STL.

Overt Act 4: On May 6, 2019, defendant JACKSON retrieved the baggage containing marijuana from the STL baggage claim area.

COUNT TWO

[49 U.S.C. §§ 46314(a), (b)(2)]

[DEFENDANT WARREN]

On or about May 5, 2019, in Los Angeles County, within the Central District of California, defendant MILES WARREN knowingly and willfully entered an airport area that served an air carrier, in violation of security requirements proscribed under Title 49, Code of Federal Regulations, Section 44901(a), that is, the requirement that all individuals who board an aircraft must submit their person and accessible property to inspection and screening, with the intent to evade such security procedures and restrictions, and with the intent to commit, in the aircraft and airport area, a felony under the laws of the United States, namely, distribution of a controlled substance.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of a conviction of the offenses set forth in any of Counts One and Two of this Indictment, for any of the defendants.

2.  The defendants, if convicted on any of Counts One and Two of this Indictment, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

//

//

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes Section

LAURA A. ALEXANDER
Assistant United States Attorney
Environmental Crimes & Consumer Protection Section

8